```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION


SAUL BARAHONA
              Petitioner,

v.                                   Case No. 2:26-cv-435-JES-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH, et
al.,

              Respondents.
_____
```

**OPINION AND ORDER**

Before the Court are Petitioner Saul Barahona's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 7). For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Barahona is a native and citizen of Honduras who entered the United States more than twenty years ago. (Doc. 1 at 1). He was previously detained by Immigration and Customs Enforcement (ICE) in 2018. (Doc. 1 at 1; Doc. 1-1). On May 1, 2018, he was released on $7500 bond. (Id.) He is currently scheduled for a master calendar hearing on May 21, 2027 before Immigration Judge Marsha Nettles at the Miami Non-Detained Immigration Court. (Id. at 2). Barahona has never received a Form I-391 cancellation notice of his bond. (Id.) Nevertheless, on February 11, 2026, Barahona was stopped and detained by ICE officers who "were conducting proactive

enforcement in [Barahona's] neighborhood and stopping vehicles." (Id.)  Barahona is currently detained at the Florida Soft Side South Detention Facility (Alligator Alcatraz).  (Id.)  He argues, among other things, that he is entitled to immediate release. (Doc. 1 at 9).

## II.  Discussion

Respondents assert that Barahona is now detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2).  (Doc. 7 at 3).  They do not acknowledge or address Barahona's arguments that his detention is illegal because he was already granted bond. Instead, they treat Barahona's petition as arguing solely that the core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to the petition.  And in most of the recent immigration cases before this Court, the distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal.  It allows immigration officers to remove noncitizens "without further hearing or review."  8 U.S.C. § 1225(b)(1)(A)(i). As expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways.  First, noncitizens may be eligible for expedited removal

2

"only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." Coalition for Humane Immigrant Rights v. Noem, 805 F. Supp. 3d 48,61 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.' " Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But § 1226 provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Noncitizens already in the country are treated differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission

3

. . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). And until recently, DHS has treated aliens—such as Barahona—already present in the country as detained under § 1226 and entitled to bond hearings.[1] And in fact, Barahona was released on a $7500 bond.

But now Respondents argue that Barahona is not entitled to a bond hearing (or, presumably, bond) because he is properly detained under section 1225(b).[2] Indeed, the Court recognizes that in

---

[1] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado, 29 I.& N. Dec. 216, 229 (B.I.A. 2025). But the Court owes no deference to the BIA's statutory interpretations. In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024). And "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." Id. at 403.

[2] In Patel v. Hardin, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 1, 2025), Respondents argued that the Court lacks jurisdiction to

Buenrostro-Mendez v. Bondi, et al., No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6. 2026), the Fifth Circuit Court of Appeals—the only circuit court to have addressed the issue thus far—recently concluded that most noncitizens apprehended anywhere in the United States are never eligible for release on bond, no matter how long they have resided inside the United States.  This is contrary to the overwhelming majority of district court judges to have considered the issue.  This Court respectfully disagrees with the Fifth Circuit's analysis and notes that it is not binding precedent in this Court.  Thus, the Court rejects the government's argument that Barahona is subject to expedited removal and concludes that Respondents' authority to detain him stems from section 1226(a). In short, as a noncitizen detained under section 1226(a), Barahona has a right to a bond hearing, and he was granted one in 2018.

If he had not already been granted bond, the Court would order Respondents to either bring Barahona before an immigration judge for a merit-based § 1226 bond hearing within ten days or release

---

consider this petition and that the petitioner has not properly exhausted his administrative remedies.  The Court rejected those arguments in Patel and in scores of other recent cases presenting the same issues.  See e.g., Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025).  In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile.  The Court's reasoning on these issues also applies here.

5

him from custody. However, the delay is unnecessary here. DHS has already granted Barahona bond, and Respondents offer no justification for revoking that bond or authority to collect a second bond. Thus, Barahona is entitled to immediate release under the conditions of his original bond.

Accordingly, it is **ORDERED**:

1. Saul Barahona's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Respondents shall release Barahona within 24 hours of his Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

3. The motion to dismiss filed by the Warden of Florida Soft Side South Detention Facility (Doc. 8) is **DENIED as moot.**

4. The Clerk is **DIRECTED** to terminate any other pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 9, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

6